| | | |
|---|---|---|
| AKANNI BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or

Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 12), and on the Government's Motion to

Dismiss, (Doc. No. 5). Petitioner seeks relief pursuant to Johnson v. United States, 135 S. Ct.

2551 (2015).

## I.    BACKGROUND

Petitioner was charged along with fourteen co-defendants in a narcotics distribution

conspiracy. (3:15-cr-24-RJC-DCC, Doc. No. 3). The counts pertaining to Petitioner are: Count (1),

conspiracy to possess with intent to distribute at least 28 grams of a mixture and substance

containing a detectable amount of cocaine base; and Counts (50), (59), (60), possession with intent

to distribute cocaine base. (Id.). Petitioner pled guilty to Count (50) pursuant to a written plea

agreement and factual proffer. (Id., Doc. Nos. 142, 143).

The Presentence Investigation Report ("PSR") scored the base offense level as 18 because

the offense involved at least 14 but less than 18 grams of cocaine base. (Id., Doc. No. 247 ¶ 14).

Petitioner is a career offender because he was at least 18 years old at the time of the instant offense,

which is either a crime of violence or a controlled substance offense, and Petitioner has at least

two prior felony convictions of either a crime of violence or controlled substance offense – North

Carolina convictions for conspiracy to commit robbery with a dangerous weapon and felony conspiracy to commit robbery with a dangerous weapon. See (Id., ¶¶ 26, 28). The career offender offense level is 32. (Id., ¶ 20). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. (Id., ¶¶ 21-23). The PSR's criminal history section scores six criminal history points and a criminal history category of III. (Id., ¶ 36). However, the criminal history category for a career offender is VI. (Id., ¶ 37). The resulting advisory guidelines range was 151 to 188 months' imprisonment followed by three years of supervised release, and fines between $15,000 and $1,000,000. (Id., ¶¶ 72, 75, 81).

On March 3, 2016, the Court adjudicated Petitioner guilty of Count (50) and dismissed Counts (1), (59), and (60). (Id., Doc. No. 321). The Court adopted the PSR without change and imposed a below-guidelines sentence of 96 months' imprisonment based on Petitioner's substantial assistance and the factors set forth in 18 U.S.C. § 3553(a). (Id.). Petitioner did not appeal.

Petitioner filed the instant *pro se* § 2255 motion to vacate on June 13, 2016, arguing that: (1) trial counsel was ineffective for failing to object to Petitioner's career offender designation because he does not have any qualifying predicate offenses pursuant to Johnson; and (2) the career offender sentence violates due process because Petitioner does not have two qualifying predicate offenses to support career offender sentencing. (Doc. No. 1).

The Court stayed this action on September 6, 2016, pending the United States Supreme Court's resolution of Beckles v. United States. (Doc. No. 3, 4). Beckles has now been resolved, 137 S.Ct. 886 (2017), and the stay is moot. The Government has filed a motion to dismiss the § 2255 motion to vacate based on Beckles. (Doc. No. 5). Petitioner concedes that Claim (2) is foreclosed by Beckles and withdraws it. (Doc. No. 6 at 10). However, he continues to assert that

he is entitled to relief due to ineffective assistance of counsel at sentencing in Claim (1), because his North Carolina convictions are not "crimes of violence" pursuant to the career offender guideline.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

Petitioner argues that counsel was ineffective for failing to object to Petitioner's career offender designation at sentencing because his North Carolina conviction for conspiracy to commit robbery with a dangerous weapon is not a "crime of violence" under United States Sentencing Guidelines § 4B1.1.

First, Petitioner's reliance on Johnson is misplaced because the Supreme Court's void-for-vagueness holding does not apply to the United States Sentencing Guidelines' career offender provision. Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding is a retroactively applicable right. Id.; Welch v. United

---

[1] ACCA defines a "violent felony" as any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

States, 136 S.Ct. 1257, 1265 (2016). Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S.Ct. at 894. Counsel cannot be deemed ineffective for failing to raise a meritless Johnson challenge to the career offender guidelines.

Second, counsel was not ineffective for failing to object at sentencing because his prior convictions are "crimes of violence" under the Guidelines' career offender provision. A "crime of violence" for purposes of the career offender guideline means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery**, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (emphasis added).

The application notes indicate that a "'crime of violence' includes ... robbery" as well as "the offenses of aiding and abetting, **conspiring**, and attempting to commit such offenses." U.S. Sentencing Guidelines Manual, application n. 1 (emphasis added); United States v. Ward, 171 F.3d 188, 191 (4th Cir. 1999).

To determine if a prior conviction constitutes a crime of violence, courts use a "categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). In a "narrow range of cases," however, a "state statute can be violated in several ways," some of which would fall within the

definition of a "crime of violence," and some of which would not. Id. When a prior conviction is for violating such a "divisible statute"—one that sets out one or more of the elements in the alternative—courts use a "modified categorical approach." Descamps v. United States, 133 S. Ct. 2276, 2279 (2013); United States v. Alston, 611 F.3d 219, 224 (4th Cir. 2010). In using this approach, courts may only rely on documents with "the conclusive significance of a prior judicial record," such as charging papers, written plea agreements, and jury instructions. See Shepard v. United States, 544 U.S. 13, 20 (2005).

North Carolina General Statutes Section 14-87 provides that:

> Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C. Gen. Stat. § 14-87(a).

North Carolina courts have interpreted § 14-87 as encompassing four elements: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous weapon, (3) whereby the life of a person is endangered or threatened" and (4) "the defendant had the intent to deprive the owner of his property at the time of taking." State v. Kemmerlin, 356 N.C. 446, 573 S.E.2d 870, 889 (2002) (citations omitted).

A North Carolina criminal conspiracy is "an unlawful occurrence of two ore more persons in an agreement to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means." State v. Littlejohn, 264 N.C. 571, 574, 142 S.E.2d 132, 134 (1965). The North Carolina conspiracy statute provides that "a person who is convicted of a conspiracy to commit a felony is

guilty of a felony that is one class lower than the felony he or she conspired to commit." <u>See</u> N.C. Gen. Stat. § 14-2.4.

The Court based Petitioner's career offender sentence on two North Carolina convictions for conspiracy to commit robbery with a dangerous weapon. Convictions for violating § 14-87(a) are categorically crimes of violence under Guidelines § 4B1.1. <u>See</u> <u>United States v. Cook</u>, 510 Fed. Appx. 231 (4th Cir. 2013); <u>Davis v. United States</u>, 2015 WL 8366835 (W.D.N.C. Dec. 7, 2015) (noting  that there is no need to consult judicial records because the North Carolina armed robbery statute is indivisible, and concluding that a conviction for robbery with a dangerous weapon categorically qualifies as a crime of violence under Guidelines § 4B1.1).

With § 4B1.2(a)(2)'s residual clause intact, the commentary that includes attempts and conspiracies as crimes of violence [is] consistent with the language of the guidelines. <u>See</u> <u>Stinson v. United States</u>, 508 U.S. 36, 38 (1993) ("commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it … is inconsistent with, or a plainly erroneous reading of, that guideline."). It follows that conspiracy to commit an offense under § 14-87(a) is a crime of violence under the career offender guideline. <u>See</u> <u>United States v. Mack</u>, 855 F.3d 581, 585 (4th Cir. 2017) (because the completed crime of burglary of a dwelling is enumerated as a crime of violence in § 4B1.2(a) and is categorically a crime of violence, "it follows that, based on the Commentary, *attempts and conspiracies* to commit 'burglary of a dwelling' similarly qualify."); <u>see</u>, <u>e.g.</u>, <u>United States v. Parker</u>, 176 Fed. Appx. 358 (4th Cir. 2006) (defendant was properly sentenced as a career offender based on prior convictions for, *inter alia*, conspiracy to commit armed robbery). Petitioner's robbery conspiracy convictions are therefore "crimes of violence" under the Guidelines' career offender provision and counsel cannot be deemed ineffective for failing to investigate or raise this meritless argument at sentencing.

## IV. CONCLUSION

For the foregoing reasons, the Court lifts the stay, denies Petitioner's § 2255 motion to vacate, and grants the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. The Order staying this proceeding, (Doc. No. 4), is lifted.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**, and the Government's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 18, 2017

Robert J. Conrad, Jr.
United States District Judge